IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| In Re: | ) Chapter 7 Case No. 20-13553 |
| | ) |
| Brenda K. Taylor | ) |
| | ) |
| Debtor | ) |
| _____ | ) |
| | ) Adversary Case No. |
| Sheldon Stein, Chapter 7 Trustee | ) |
| P.O. Box 5606 | ) |
| Cleveland, OH 44101 | ) |
| | ) |
| Plaintiff, | ) |
| | ) Bankruptcy Judge Jessica Price Smith |
| -vs.- | ) |
| | ) |
| Transamerica Life Insurance Company | ) |
| Attn: Charles F. Lowery, Jr., CEO | ) |
| 751 Broad Street | ) |
| Newark, NJ 07101 | ) |
| | ) |
| Defendant | ) |

**COMPLAINT FOR TURNOVER OF PROPERTY OF THE ESTATE**

Now comes Sheldon Stein, Chapter 7 Trustee, and for his complaint states as follows:

1. Jurisdiction of the within proceeding is vested in this Court by virtue of the provisions of 28 U.S.C. §157 as enacted and effective on July 10, 1984 as part of the Bankruptcy Amendments and Federal Judgeship Act of 1984, General Order No. 2012-7

entered on April 4, 2012 by the United States District Court for the Northern District of Ohio, and 28 U.S.C. §1334.

2. This adversary proceeding is a core proceeding as that term is defined in 28 U.S.C. §157(b)(2)(E). To the extent, if any, such claims or relief sought may be determined not to be a core proceeding, Plaintiff consents to the entry of a final judgment or orders by the Bankruptcy Judge.

3. Plaintiff Sheldon Stein ("Plaintiff') is the Trustee in the bankruptcy case of Brenda K. Taylor (xxx-xx-5867)("Debtor") filed on July 30, 2020, as a case under Chapter 7 of the Bankruptcy Code and being case number 20-13553.

4. This complaint is brought to recover property of the estate pursuant to the provisions of §§541, 542 and 543 of the Bankruptcy Code.

5. The Debtor is the owner of one or more life insurance policies and/or annuity contracts issued by Defendant Transamerica Life Insurance Company ("Transamerica"), including but not limited to, contract number 013939434 (the "Policies").

6. Upon information and belief, the Policy or Policies have a cash surrender value of not less than $2,500.00, and such cash surrender value may well be in excess of that amount.

7. The cash surrender value of the Policies, held by Defendant Transamerica is property of the estate pursuant to the provisions of §541(a) of the Bankruptcy Code and is not exempt.

8. By reason of the foregoing, the cash surrender value of the Policies is subject to turnover pursuant to the provisions of §§542 and 543 of the Bankruptcy Code.

WHEREFORE, Plaintiff demands judgment directing Defendants Transamerica Insurance Company of America to turn over the cash surrender value of the Policies owned the

2

20-01104-jps    Doc 1    FILED 10/13/20    ENTERED 10/13/20 14:07:16    Page 2 of 3

Debtor to the Plaintiff, together with the costs of this proceeding and such other relief as the Court deems just in the premise.

/s/ Sheldon Stein
Sheldon Stein (0007292)
Attorney for the Plaintiff
S. Stein Company LLC
50 Public Square, Ste. 2200
P.O. Box 5606
Cleveland, OH 44101
(216) 696-7449
(216) 696-5329 (fax)
ssteindocs@gmail.com